# EXHIBIT A

DANIEL S. BROME (SBN 278915)
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

REENA I. DESAI (MN BAR #388311)*
rdesai@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

CHRISTOPHER Q. DAVIS (NY BAR #4068680)*
cdavis@workingsolutionsnyc.com
JESSICA S. CAHILL (MA BAR #685094)*
jcahill@workingsolutionsnyc.com
WORKING SOLUTIONS LAW FIRM, PLLC
80 Broad Street, Suite 703
New York, NY 10004
Telephone: (646) 430-7930
Facsimile: (646) 349-2504

*Pro hac vice application forthcoming

Attorneys for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/09/2024 3:53 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ALBERT SIMIC,<br><br>Plaintiff, on behalf of himself and all others similarly situated,<br><br>v.<br><br>KASAMBA, INC.<br><br>Defendant. | Case No. 24STCV23254<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) FAILURE TO PAY CALIFORNIA MINIMUM WAGE COMPENSATION (CALIFORNIA LABOR CODE §§ 1182.12, 1194, 1194.2, 1197 AND IWC WAGE ORDER NO. 10);<br><br>(2) FAILURE TO PROVIDE REIMBURSEMENT FOR BUSINESS EXPENSES (CALIFORNIA LABOR |

Class Action Complaint for Damages

CODE § 2802 AND IWC WAGE ORDER NO. 10);

(3) UNLAWFUL WITHHOLDING AND RECEIPT OF EARNED WAGES (CALIFORNIA LABOR CODE § 221, AND IWC WAGE ORDER NO. 10);

(4) FAILURE TO FURNISH ACCURATE WAGE STATEMENTS (CALIFORNIA LABOR CODE §§ 226, 1174 AND IWC WAGE ORDER NO. 10);

(5) FAILURE TO PAY EARNED WAGES UPON DISCHARGE – WAITING TIME PENALTIES (CALIFORNIA LABOR CODE §§ 201-03);

(6) VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL) (BUSINESS AND PROFESSIONS CODE § 17200 *ET SEQ.*); and

**DEMAND FOR JURY TRIAL**

On behalf of himself and all others similarly situated Plaintiff ALBERT SIMIC, ("Plaintiff") by his undersigned attorneys, brings this action as a class action under the provisions of California Code of Civil Procedure § 382 against Defendant Kasamba, Inc. "Defendant") as follows:

**INTRODUCTION**

1. This is an action for relief from Defendant's misclassification of its counselors, also referred to as astrologers, life coaches, counseling readers, psychic readers, tarot advisors, or psychic advisors ("Class Members" or "Readers") as independent contractors.

2. Through its network of readers, Kasamba offers online psychic readings, tarot readings, astrology readings, and other types of readings via phone, live chat, and email. To carry out Kasamba's business in California, Defendant engages people like Plaintiff to provide its services to Defendant's customers.

3. Kasamba treats Plaintiff and Class Members as employees within the meaning of California law and is liable for various Labor Code violations, as described below, as Plaintiff and Class Members are plainly employees within the meaning of California law. The "ABC" test governs the employment status question with respect to Labor Code and wage order violations, including Kasamba's failure to pay minimum wages for all hours worked, failure to provide reimbursement for business expenses, unlawful deductions from wages, failure to provide accurate wage statements, and failure to pay earned wages upon discharge.

4. By misclassifying Plaintiff and similarly situated Readers as independent contractors, Defendant has sought to avoid various duties and obligations owed to employees under California's Labor Code and Industrial Welfare Commission ("IWC") wage orders, including: (1) failing to pay minimum wages for all hours worked [Labor Code §§ 1182.12, 1194, 1194.2, 1197; Wage Order 10], (2) failing to reimburse for business expenses [Labor Code § 2802, Wage Order 10]; (3) unlawfully deducting from earned wages [Labor Code § 221, Wage Order 10]; (4) failing to furnish accurate wage statements [Labor Code §§ 226, 1174; IWC Wage Order No. 10]; (5) failing to pay an employee all wages owed upon termination [Labor Code §§ 201-203]; and (6) failing to pay wages twice during each calendar month [Labor Code § 204].

5. Plaintiff challenges Defendant's policy of willfully and unlawfully misclassifying their Readers as "independent contractors." Defendant's other violations stem from this classification decision. Specifically, Defendant compensates its Readers only for some of their time worked, but fails to pay any wages for certain work time, such as time when Readers are providing free three minute calls that do not lead to paid calls, when customers do not pay for their calls, or when Readers are marketing Defendant's services. Defendant improperly deducts from Readers' wages, by charging them per minute fees in order to use Defendant's platforms—which Readers are required to use, and by deducting "service fees" or "commissions" from Readers' pay. Defendant fails to reimburse for the cell phone and internet data costs that Readers necessarily incur in performing their work for Defendant, as well as any platform use fees. Defendant fails to provide accurate and complete wage statements, and fails to pay all earned

1

wages at separation.

6. Of the above claims, Plaintiff seeks certification pursuant to Code of Civil Procedure § 382 of his claims for expense reimbursement, unlawful withholding and receipt of earned wages, failure to provide accurate wage statements, and unfair competition on behalf of the following class of Psychics: All Readers who worked for Defendant in California during the period commencing four years prior to the filing of this Complaint (individually referred to as "Class Members" and collectively as the "Class").

## JURISDICTION AND VENUE

7. This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, Section 10, which grants the Superior Court original jurisdiction in all cases except those given to other trial courts. The Court also has jurisdiction over certain causes of action pursuant to Business & Professions Code §§ 17203 and 17204, which provide for exclusive jurisdiction for enforcement of this statute in any court of competent jurisdiction.

8. The amount in controversy herein, excluding interest, costs, penalties, and attorneys' fees, exceeds the minimum jurisdictional limit of this court.

9. Venue in Los Angeles County is proper under Business & Professions Code § 17203 and California Code of Civil Procedure § 395.5 because Defendant's unlawful conduct occurred in this county, Defendant conducts substantial business in this County, a substantial part of the transactions at issue took place in this County, and Defendant's liability arose in, in part, in this County.

## PARTIES

10. Plaintiff Albert Simic resides in Los Angeles, California. Plaintiff began working for Kasamba in 2001 as a reader. Plaintiff provided psychic readings for Defendant, remotely from his home Los Angeles, California. Although Kasamba classified him as an independent contractor, it enforced policies, procedures, and metrics and required Plaintiff to adhere to them. Plaintiff Simic ended his work with Kasamba in approximately September 2023.

11. Defendant Kasamba, Inc. is a Delaware corporation with its principal place of

2

Class Action Complaint for Damages

business in New York, NY. Kasamba contracts with psychic readers to perform its services to its customers, some of whom provide services for Kasamba from California. Kasamba is, and at all relevant times was, an employer subject to California state wage-and-hour laws.

## FACTUAL ALLEGATIONS

### A. Psychic Readers Perform Work Within Kasamba's Usual Course of Business.

12. Kasamba provides psychic reading services. Kasamba claims that its psychics have guided more than 3 million people.

13. To carry out its business in California and elsewhere, Kasamba engages hundreds of persons like Plaintiff, who provide psychic readings, tarot readings, astrology readings, and other types of readings via phone, live chat, and email to Kasamba's customers.

14. Readers who work for Kasamba serve clients through Kasamba's online platform, which Kasamba uses to direct its customers seeking psychic readings to Readers like Plaintiff. Kasamba requires Readers to use Kasamba's platforms to provide services. Kasamba requires Readers to be responsive to client communications. Kasamba restricts whether Readers can ever decline a client or potential client.

15. Kasamba's website shows many Readers who are available to perform services for clients, and displays the rate a client would pay per minute for the Reader's services. However, while Kasamba does bill clients those per minute rates for time spent on phone calls or chats with Readers, they do not pay those amounts as wages free and clear to the Readers. Nor do they permit direct payment between client and Reader outside of Kasamba's Advisor Platform. Instead, Kasamba requires all payment transactions to take place on the Advisor Platform, and deducts a percentage of the charge as its "commission fee," which it charges the Reader before paying them for their work. Additionally, Kasamba deducts a connection fee from Readers' pay for their use of Chat or Phone services – even though it requires Readers to use its platforms to communicate with clients.

### B. Kasamba Controls the Manner and Means by Which Plaintiff and Class Members Perform Their Work.

16. Kasamba controlled the manner by which Plaintiff and Class Members

performed their work.

17. Kasamba determined the manner in which Plaintiff and Class Members were paid. As described above, Kasamba charged a "commission" and determined that amount. As described above, Kasamba charged platform fees, and determined those amounts.

18. Kasamba used metrics to monitor its Readers' activity and performance. For example, Kasamba tracked Readers' availability time and response time. Kasamba could and did suspend and/or Readers for not meeting their standards. Plaintiff and Class members were subject to suspension for declining customer calls.

19. Kasamba shared performance snapshots with Plaintiff and Class Members, that showed information such as how many clients a Reader had connected with, their response time (to online messages), percentage of time available, and their phone call answer rate.

20. Kasamba required Readers to market to clients using the Kasamba Advisor Platform by (for example) sending messages, reminders, or suggestions for another session. Kasamba could and did discipline Readers who refused to participate in these activities. Readers' profiles on the Advisor Platform must be approved by Kasamba before they go live, and all profiles are considered Kabamba's intellectual property.

21. Kasamba classified Plaintiff and Class Members as "independent contractors," a designation that it made voluntarily and knowingly as a subterfuge to circumvent the requirements of the California Labor Code.

### CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action individually and as a class action on behalf of a class defined as follows: all Psychic Readers who performed work for Defendant in California during the period commencing four years prior to the filing of this Complaint (individually referred to as "Class Members" and collectively as the "Class").

23. This action is brought, and may properly be maintained, as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class is ascertainable. This action presents questions of common interest and satisfies the numerosity, commonality, typicality, adequacy, predominance,

and superiority requirements of this provision.

**Numerosity:**

24. The size of the proposed Class makes individual joinder of all members impracticable. Plaintiff does not presently know the exact number of Class Members, Plaintiff is informed and believes, and thereon alleges, that hundreds of persons have worked for Kasamba and been subject to the practices described herein; Plaintiff is informed and believes, and thereon alleges, that dozens of Readers have worked for Kasamba from California and been subjected to the unlawful practices alleged herein during the class period.

**Commonality:**

25. Common questions of law and fact exist as to all members of the Class and predominate over any questions that affect only individual members of the Class. These common questions of law and fact include, without limitation:

    a. Whether Defendant has retained sufficient rights to control Class Members' work so as to render the Class Members employees under California law;

    b. Whether Readers are free from Defendant's control and direction in connection with the performance of their work, both under Defendant's contract and in fact;

    c. Whether Readers perform work that is outside the usual course of Defendant's business;

    d. Whether Class Members have incurred employment-related expenses and losses in carrying out their duties for Defendant;

    e. Whether Defendant has failed to indemnify Class Members for their necessary employment-related expenses and losses in violation of California Labor Code § 2802 and IWC Wage Order No. 10;

    f. Whether Defendant's collection and deduction of fees violated California Labor Code §§ 221, and IWC Wage Order No. 10;

    g. Whether Defendant's misclassification of Class Members was willful and in violation of California Labor Code § 226.8;

  h.  Whether Defendant, in violation of California Labor Code § 226 failed to provide accurate, itemized wage statements reflecting, among other items, Class Members' hours of work and rates of pay;

  i.  Whether Defendant's practices, as described herein, constitute unlawful, unfair, and/or fraudulent business practices under Cal. Business & Professions Code § 17200, *et seq.*;

  j.  What amounts Plaintiff and Class Members are entitled to receive in interest on unpaid compensation due and owed to them.

**Typicality:**

26.  Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

**Adequacy of Representation:**

27.  Plaintiff is an adequate representative of the Class in that his claims are typical of those of the Class. Plaintiff has the same interests in the litigation of this case as the Class Members; they are committed to vigorous prosecution of this case and have retained competent counsel experienced in class action and wage and hour litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the Class as a whole and anticipate no management difficulties in this litigation.

**Predominance:**

28.  Defendant has engaged in a common course of wage-and-hour abuse toward Plaintiff and Class Members. The common issues arising from this conduct that affect Plaintiff and Class Members predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

**Superiority of Class Action:**

29.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Cass Members is impracticable. It would be unduly burdensome to the courts in which individual litigation of

numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. Moreover, individual actions by Class Members may establish inconsistent standards of conduct for Defendant. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each Class Member.

30. Defendant has acted or refused to act in respects generally applicable to the class, thereby making appropriate relief with regard to the members of the Class as a whole, as requested herein.

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY MINIMUM WAGES FOR ALL HOURS WORKED**
**(CALIFORNIA LABOR CODE §§ 1182.12, 1194, 1194.2, 1197)**
**(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

31. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all Class Members.

32. Defendant paid Plaintiff and Class Members per minute worked. Defendant did not pay Plaintiff and Class Members on a salary or piece rate basis.

33. Defendant's pay practices failed to pay for all time that Plaintiff and Class Members were performing services for Defendant:

   a. Defendant mandated that new clients are eligible for three minutes for free. At the end of those three minutes, if the client does not continue with the call or chat, they do not need to pay for the time. In that situation, the Reader is not paid for the time.

   b. If a client failed to pay for a call, Defendant does not pay the Readers for that call.

   c. Because Defendant's pay plan only measures time that Readers are performing services for clients, it does not track or pay for time spent on other

7
Class Action Complaint for Damages

work responsibilities, such as required marketing.

34. Defendant has violated and continues to violate California Labor Code §§ 1182.12, 1194, 1197 and IWC Wage Order 10, § 4. As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members have suffered substantial losses according to proof, as well as liquidated damages, pre-judgment interest, costs, penalties, and attorneys' fees for the prosecution of this action, as described below.

**SECOND CAUSE OF ACTION**
**UNLAWFUL WITHHOLDING AND RECEIPT OF EARNED WAGES**
**(CALIFORNIA LABOR CODE §§ 221, AND IWC WAGE ORDER NO. 10, §§ 4, 8-9)**
**(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

35. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all Class Members.

36. IWC Wage Order No. 10, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage for cash shortage, breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act. IWC Wage Order No. 10, § 9 provides that when tools or equipment are required, they must be provided by the employer. Cal. Labor Code § 221 makes it unlawful for an employer to collect or receive from an employee any part of wages paid to the employee.

37. These and related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting employees to reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; taking deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or taking other unpredictable deductions that may impose a special hardship on employees.

38. Defendant has violated Cal. Labor Code §§ 221, and IWC wage order No. 10, §§ 8-9 by unlawfully taking deductions from Plaintiff's and Class Members' compensation to cover

1 | certain ordinary business expenses of Defendant, including platform fees, service fees or
2 | commissions.

3 |     39.    Because Defendant took unlawful deductions from Plaintiff's and Class
4 | Members' compensation, it is liable to Plaintiff and Class Members for the compensation that
5 | should have been paid but for the unlawful deductions, pursuant to Cal. Labor Code §§ 221, 223,
6 | IWC Wage Order No. 10, §§ 8-9.

7 |     40.    By unlawfully deducting wages and failing to pay Plaintiff and Class Members,
8 | Defendant is also liable for penalties, reasonable attorneys' fees, and costs as described below.

**THIRD CAUSE OF ACTION**
**FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**
**(CALIFORNIA LABOR CODE § 226, 1174 AND IWC WAGE ORDER NO. 10, § 7)**
**(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

12 |     41.    The allegations of each of the preceding paragraphs are re-alleged and
13 | incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of
14 | himself and all Class Members.

15 |     42.    Pursuant to Labor Code § 226(a) and Wage Order No. 10, § 7, Defendant is
16 | required to provide – semimonthly or at the time of each payment of wages – itemized written
17 | statements containing all information described in § 226 and IWC Wage Order No. 10,
18 | including, but not limited to, the total hours worked by the employee.

19 |     43.    Defendant has failed to comply with the Labor Code by knowingly and
20 | intentionally failing to provide Plaintiff and Class Members with accurate written statements
21 | showing their actual and total hours worked and their applicable hourly rates.

22 |     44.    Under California Labor Code § 226(e), an employee suffering injury as a result of
23 | knowing and intentional failure of an employer to comply with 226(a) is entitled to recover the
24 | greater of all actual damages or fifty ($50) for the initial pay period in which a violation occurs
25 | and one hundred dollars ($100) for each violation in a subsequent pay period, up to a maximum
26 | amount of $4,000.

27 |     45.    Under California Labor Code § 226(e)(2)(B), an employee is deemed to have
28 | suffered injury if a wage statement does not include the information required by California Labor

Code § 226(a)(1)-(9) and the employee cannot promptly and easily determine from the face of the wage statement any of the following: the total hours worked; all rates of pay in effect in the pay period; or the hours worked at each rate of pay.

46. In addition, upon information and belief, and in violation of IWC Wage Order No. 10, Defendant failed to keep the required payroll records showing the actual hours worked each day by Plaintiff and Class Members.

47. As a direct and proximate result of Defendant's actions, Plaintiff and Class Members have suffered economic harm as they have been precluded from accurately monitoring the number of hours worked and thus seeking all accrued pay.

48. As a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiff and Class Members have been injured by not receiving the information required by California Labor Code § 226(a), not having records showing their total hours worked, not being able to ascertain from their wage statements whether or how they have been lawfully compensated for all hours worked, among other injuries, in an amount to be determined at trial.

49. Plaintiff and Class Members may recover damages and penalties provided for under California Labor Code § 226(e), plus interest thereon, reasonable attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY EARNED WAGES UPON DISCHARGE – WAITING TIME PENALTIES**
**(CALIFORNIA LABOR CODE §§ 201-03)**
**(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS WHO HAVE TERMINATED EMPLOYMENT WITH DEFEFNDANT)**

50. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself.

51. California Labor Code § 201 states that an employer is required to provide an employee who is terminated all accrued wages and compensation at the time of termination.

52. California Labor Code § 202 states that an employer is required to provide an employee who resigns all unpaid wages within 72 hours of their resignation, or upon resignation

if the employee has provided at least 72 hours' notice.

53. California Labor Code § 203 states that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 and § 202, then the employer is liable for waiting time penalties equivalent to the employee's daily wage, for a maximum of 30 days.

54. Plaintiff was employed by Defendant during the Class Period and has separated from employment. Upon resignation or termination, however, he was not paid all wages due within the statutory time period. Defendant willfully failed and refused to pay timely compensation and wages for all time worked at applicable contractual and/or minimum wage rates.

55. As a direct and proximate result of Defendant's willful conduct in failing to pay Plaintiff for all hours worked, Plaintiff is entitled to recover "waiting time" penalties of up to thirty (30) days' wages pursuant to § 203, with interest thereon, and reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)**
**(CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ*)**
**(ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

56. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of themselves and all Class Members.

57. California Business & Professions Code § 17200, et. seq. ("UCL") prohibits "unfair competition" in the form of any unlawful, unfair, or fraudulent business practice.

58. Beginning at an exact date unknown to Plaintiff but more than four years preceding the filing of this Complaint, Defendant has engaged in unfair competition as defined by the UCL by, and as described above: (1) misclassifying Plaintiff and Class Members as independent contractors in violation of Labor Code § 2775; (2) willfully misclassifying Plaintiff and Class Members in violation of Labor Code § 226.8(a)(1) and IWC Wage Order No. 10, § 2; (3) unlawfully charging Plaintiff and Class Members/ withholding and receiving Plaintiff's and

11
Class Action Complaint for Damages

Class Member's earned wages, in violation of Labor Code § 221 and IWC Wage Order No. 10, §§ 2, 8-9; (4) unlawfully failing to provide reimbursement for necessary business expenses, in violation of Labor Code § 2802 and IWC Wage Order No. 10, §§ 8-9; (5) failing to pay minimum wage and/or contractual wage rates for all time worked, in violation of Labor Code §§ 1182.12, 1194, and 1197, and IWC Wage Order No. 10, § 4; (6) failing to furnish accurate wage statements to Plaintiff and Class Members in violation of Labor Code §§ 226, 1174 and IWC Wage Order No. 10 § 7; (7) failing to pay Plaintiff and Class Members wages twice during each calendar month in violation of Labor Code § 204; and (8) failing to pay all earned wages to Plaintiff and Class Members upon separation, in violation of Labor Code §§ 201-203.

59. Defendant's knowing failure to adopt policies in accordance with and/or to adhere to these laws, all of which are binding upon and burdensome to its competitors, engenders an unfair competitive advantage to Defendant thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208. Plaintiff and Class Members have suffered injury in fact and have lost money as a direct and proximate result of Defendant's unfair competition, including, but not limited to, money due to them as unpaid minimum wages, unlawful deductions from wages, and waiting time penalties, which money has been acquired by Defendant by means of their unfair competition within the meaning of the UCL.

60. Pursuant to California Business & Professions Code §§ 17200 et seq., Plaintiff and Class Members are entitled to (i) restitution of all wages and compensation alleged herein that Defendant withheld and retained during the period commencing four years preceding the filing of this Complaint; (ii) an award of reasonable attorneys' fees pursuant to Cal. Civ. Proc. Code § 1021.5 and other applicable law, and (iii) an award of costs. All remedies are cumulative pursuant to California Business & Professions Code § 17205.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, prays for judgment against Defendant, and each of them, as follows:

1) That the Court determine that this action may be maintained as a class action under California Code of Civil Procedure § 382;

2) Appointment of Plaintiff as Class representative;

3) Appointment of Plaintiff's Counsel as Class Counsel;

4) Provision of Notice to all Class Members;

5) A declaratory judgment that Defendant has violated the following provisions of law, among others:

    a. California Labor Code § 2775 and IWC Wage Order 10 by misclassifying Plaintiff and the Class as independent contractors;

    b. California Labor Code § 226.8(a)(a) and IWC Wage Order 10 by willfully misclassifying Plaintiff and the Class as independent contractors to circumvent California wage and hour laws;

    c. California Labor Code § 226.8(a)(2) and IWC Wage Order 10 by making unlawful charges to Plaintiff and the Class, who were willfully misclassified employees;

    d. California Labor Code § 2802 and IWC Wage Order 10 by failing to provide reimbursement for necessary expenses to Plaintiff and the Class;

    e. California Labor Code § 221 and IWC Wage Order 10 by unlawfully collecting and deducting wages from Plaintiff and the Class;

    f. California Labor Code §§ 226, 1174, and IWC Wage Order 10 by failing to furnish accurate wage statements to Plaintiff and the Class;

    g. California Labor Code §§ 1194, 1197, and IWC Wage Order 10 by failing to pay Plaintiff at least minimum wage for all of their hours worked;

    h. California Labor Code §§ 201-03 by failing to pay Plaintiff earned wages upon discharge;

    i. California Labor Code § 204 by failing to pay wages to Plaintiff and the Class twice during each calendar month;

    j. California Business and Professions Code §§ 17200-17208, as described herein.

6) A declaratory judgment that Defendant's violations as described above were willful and/or knowing and intentional;

7) An equitable accounting to identify, locate, and restore to Plaintiff and the Class their wages that were unlawfully deducted, and their unreimbursed necessary expenses;

8) An order requiring Defendant to pay damages to Plaintiff and the Class for all amounts owed for Defendant's failure to reimburse for necessary expenses, amounts unlawfully deducted from wages, and wages unlawfully unpaid plus liquidated damages pursuant to Labor Code § 1194.2, in an amount according to proof at trial;

9) An award of penalties owed, pursuant to California Labor Code § 203, to Plaintiff who resigned or whose employment was terminated by Defendant without receiving all compensation owed at the time of separation;

10) An award to Plaintiff and the Class of statutory penalties because of Defendant's failure to provide Plaintiff with itemized wage statements that comply with the requirements of Cal. Labor Code § 226, subject to proof at trial;

11) An order requiring Defendant to pay restitution of all amounts owed to Plaintiff and similarly situated Class Members for Defendant's misclassification and willful misclassification of Plaintiff and the Class under California Labor Code § 2775, and 226.8; failure to pay out-of-pocket employment related necessary expenditures or losses, unlawful deductions and withholdings, unpaid minimum wages plus liquidated damages, waiting time penalties, and interest thereon, in an amount according to proof, pursuant to California Business & Professions Code § 17203 and other applicable law;

12) An award to Plaintiff and Class Members of reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure § 1021.5, California Labor Code §§ 218.5, 226(e), 2802, 1194, 203, and/or other applicable law;

13) Leave to amend to assert claims under California's Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698, *et seq.*; and

14) An award of other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: September 9, 2024                    NICHOLS KASTER, LLP

By: /s/ Daniel S. Brome
Daniel S. Brome

DANIEL S. BROME
NICHOLS KASTER, LLP

REENA I. DESAI
NICHOLS KASTER, PLLP

CHRISTOPHER Q. DAVIS
JESSICA S. CAHILL
WORKING SOLUTIONS LAW FIRM, PLLC

Attorneys for Plaintiff

Class Action Complaint for Damages