Michael E. Brewer (SBN 177912)
michael.brewer@bakermckenzie.com
**Baker & McKenzie LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: (415) 576-3000
Facsimile: (415) 576-3099

Kimberly F. Rich (SBN 185507)
kimberly.rich@bakermckenzie.com
**Baker & McKenzie LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

Phillip R. Di Tullio (SBN 324267)
phillip.ditullio@bakermckenzie.com
**Baker & McKenzie LLP**
10250 Constellation Boulevard, Suite 1850
Los Angeles, California 90067
Telephone: (310) 201-4728
Facsimile: (310) 201-4721

Attorneys for Defendant
KASAMBA, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ALBERT SIMIC, Plaintiff, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

KASAMBA, INC.,

Defendant.

Case No. 2:24-cv-08887-JFW-SK

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KASAMBA INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**(FED. R. CIV. PROC. 12(b)(6))**

Date: November 25, 2024
Time: 1:30 p.m.
Place: Courtroom 7A
Judge: Hon. John F. Walter

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 2

II. FACTUAL AND PROCEDURAL BACKGROUND ........ 2

A. Factual Background ........ 2

B. Procedural Background ........ 3

III. LEGAL STANDARD ........ 4

IV. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJDUICE BECAUSE HE HAS NOT ALLEGED SUFFICIENT FACTS SHOWING THAT HE IS ENTITLED TO THE PROTECTIONS AFFORDED BY CALIFORNIA LABOR LAW ........ 5

A. California Labor Presumptively Does Not Apply to Employees Who, Like Plaintiff, Neither Reside nor Work in California........ 5

B. Plaintiff Should Not be Granted Leave to Amend........ 7

V. CONCLUSION ........ 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aguilar v. Zep Inc.*, No. 13-CV-00563-WHO, 2014 WL 4245988 (N.D. Cal., Aug. 27, 2014) .......... 5

*Albrecht v. Lund*, 845 F2d 193 (9th Cir. 1988) .......... 7

*Anderson v. CRST International, Inc.*, 685 Fed. Appx. 524 (9th Cir. 2017) .......... 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 4

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988) (overruled in part on other grounds) .......... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 4

*Bernstein v. Virgin Am., Inc.*, 227 F. Supp. 3d 1049 (N.D. Cal. 2017) .......... 6

*Branch v. Tunnell*, 14 F. 3d 449 (9th Cir. 1994) (overruled on other grounds) .......... 4

*Denton v. Hernandez*, 504 U.S. 25 (1992) .......... 4

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) .......... 4

*Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764 (9th Cir.1991) .......... 8

*Martinez v. Knight Transportation, Inc.*, No. 5:21-cv-572-JWH-SPx, 2022 WL 6632192 (C.D. Cal., Feb. 3, 2022) .......... 5, 6

*North Alaska Salmon Co. v. Pillsbury*,
174 Cal. 1 (1916) ........ 5

*Norwest Mortgage, Inc. v. Superior Court*,
72 Cal. App. 4th 214 (1999) ........ 5

*O'Connor v. Uber Technologies, Inc.*,
58 F. Supp. 3d 989 (N.D. Cal. 2014) ........ 5

*Paparella v. Plume Design, Inc.*,
No. 22-CV-01295-WHO, 2022 WL 2915706 (N.D. Cal., July 25, 2022) ........ 7

*Parkinson v. Hyundai Motor Am.*,
258 F.R.D. 580 (C.D. Cal. 2008) ........ 5

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984) ........ 4

*Saul v. United States*,
928 F.2d 829 (9th Cir.1991) ........ 7, 8

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ........ 4

*Sullivan v. Oracle Corp.*,
51 Cal. 4th 1191 (2011) ........ 5

*Sullivan v. Oracle Corp.*,
662 F.3d 1265 (9th Cir. 2011) ........ 5

*Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*,
368 F.3d 1053 (9th Cir. 2004) ........ 7

*Tidewater Marine W., Inc. v. Bradshaw*,
14 Cal. 4th 557 (1996) ........ 5

*Ward v. United Airlines, Inc.*,
9 Cal. 5th 732 (2020) ........ 5

*Wright v. Adventures Rolling Cross Country, Inc.*,
No. 12-cv-0982-EMC, 2012 WL 12942824 (N.D. Cal. May 3, 2012) ........ 7

**Statutes**

California Labor Code sections 201-203, 221, 226, 1182.12, 1194, 1194.2, 1197, and 2802 .......... 6

Unfair Competition Law, California Business and Professions Code § 17200 *et seq*. .......... 3, 6

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) .......... 3, 4

Federal Rule of Evidence 201 .......... 3

## I. INTRODUCTION

Plaintiff Albert Simic ("Plaintiff") is a permanent resident of Canada who remotely provided psychic services online and via phone using the virtual marketplace run by Defendant Kasamba, Inc. ("Kasamba")—a corporation organized under the laws of Delaware with its principal place of business in New York. Nevertheless, he now attempts to assert California labor claims in California courts. However, California labor laws presumptively do not apply to work performed out-of-state by non-California residents for non-California companies. Plaintiff twice, through tax forms completed and signed by Plaintiff under penalty of perjury, declared that he was a permanent resident of Toronto, Ontario, Canada for the entirety of his relationship with Kasamba. He further declared that all of the income he earned from that relationship was "not effectively connected with conduct of a trade or business in the United States." Taking Plaintiff's own sworn statements at face-value, he admits that, at all times relevant to this lawsuit, he was never a resident of California and earned no income through Kasamba in connection with any conduct that occurred within California. These facts—uncontradicted by any factual allegations in the complaint and whose accuracy cannot be challenged—are fatal to Plaintiff's attempt to bring claims under California law.

Because Plaintiff has alleged no facts which might plausibly show that he was a California resident or worked in California at any time relevant to this lawsuit, his claims should be dismissed. Because his residency and location of work are not in dispute—due to Plaintiff's sworn statements establishing Canada as the location of each—any attempt to amend the complaint would be futile and leave to amend should be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Plaintiff alleges that he began working for Kasamba in 2001 as a "reader," providing online psychic, tarot, astrology, and other types of readings via phone, live

chat, and email. (ECF No. 1-2, Exhibit A., Plaintiff's Complaint ("Compl.") ¶¶ 2, 10.) Plaintiff performed this work remotely. (*Id.* ¶ 10.) Kasamba is a Delaware corporation with its principal place of business in New York. (*Id.* ¶ 11.) Plaintiff asserts that he is a California resident and that he worked in California throughout his employment (Compl. ¶ 10), however, at all relevant times, Plaintiff was a permanent resident of Toronto, Ontario, Canada. (Kasamba's Request for Judicial Notice in Support of Motion to Dismiss ("RJN"), Exs. A-B.) In both January 2012 and May 2021, Plaintiff submitted IRS W-8 forms to Kasamba for the purposes of earning income using the platform.[1] (Declaration of Damon Miller in Support of Kasamba's Request for Judicial Notice ("Miller Decl.") ¶¶ 2-3; Exs. A-B.) Plaintiff, who completed and signed these forms under penalty of perjury, declared that his permanent residence was on 110 Cumberland Street, Apartment 189, Toronto, Ontario, Canada. (*Id.*) Plaintiff also declared under penalty of perjury that "the income to which this form relates is not effectively connected with conduct of a trade or business in the United States." (*Id.*)

**B. Procedural Background**

On or about September 9, 2024, Plaintiff filed this action in Los Angeles County Superior Court alleging five causes of action against Kasamba: (1) Failure to Pay Minimum Wages for All Hours Worked; (2) Unlawful Withholding and Receipt of Earned Wages; (3) Failure to Furnish Accurate Wage Statements; (4) Failure to Pay Earned Wages Upon Discharge – Waiting Time Penalties; and (5) Violations of the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq*. (*See generally* Compl.) Kasamba removed this action to this Court on October 15, 2024. (ECF No. 1.)

---

[1] In support of, and filed concurrently with, this Motion, Kasamba requests that the Court take judicial notice of these IRS Form W-8 from 2012 and 2021 under Federal Rule of Evidence 201.

## III. LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A court may dismiss, as frivolous, claims that are clearly baseless, fanciful, fantastic, or delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Dismissal can be based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (overruled in part on other grounds); *see also Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678–79.

Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, as a general rule "the court may not consider any materials beyond the pleadings in ruling on a 12(b)(6) motion." *Branch v. Tunnell*, 14 F. 3d 449, 453 (9th Cir. 1994) (overruled on other grounds). However, in ruling on a motion to dismiss, "a court may take judicial notice of matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## IV. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJDUICE BECAUSE HE HAS NOT ALLEGED SUFFICIENT FACTS SHOWING THAT HE IS ENTITLED TO THE PROTECTIONS AFFORDED BY CALIFORNIA LABOR LAW

### A. California Labor Presumptively Does Not Apply to Employees Who, Like Plaintiff, Neither Reside nor Work in California

California law presumptively does not apply to conduct that takes place outside of California. *North Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 4 (1916); *O'Connor v. Uber Technologies, Inc.*, 58 F. Supp. 3d 989, 1004 (N.D. Cal. 2014); *Anderson v. CRST International, Inc.*, 685 Fed. Appx. 524, 525 (9th Cir. 2017) (holding that California employment laws presumptively do not apply to conduct that occurs outside of California); *see also Tidewater Marine W., Inc. v. Bradshaw*, 14 Cal. 4th 557, 577–78 (1996) (California's wage and hour laws only apply to conduct occurring outside of the state where the California Legislature clearly intended to give those laws extraterritorial effect); *accord Sullivan v. Oracle Corp.* ("*Sullivan I*"), 51 Cal. 4th 1191, 1197–98 (2011). The extraterritorial application of California labor law is improper where non-residents of California raise claims based on conduct that occurred outside of the state. *See Sullivan I,* 51 Cal. 4th at 1197-98; *Sullivan v. Oracle Corp.* ("*Sullivan II*")*,* 662 F.3d 1265, 1271 (9th Cir. 2011); *Tidewater*, 14 Cal. 4th at 577–78. Only where the alleged wrongful conduct occurred within California is extraterritorial application of California labor law permitted. *Aguilar v. Zep Inc.*, No. 13-CV-00563-WHO, 2014 WL 4245988, at *11 (N.D. Cal., Aug. 27, 2014) (citing *Sullivan I and Sullivan II*); *Norwest Mortgage, Inc. v. Superior Court,* 72 Cal. App. 4th 214, 224–225 (1999); *Parkinson v. Hyundai Motor Am.,* 258 F.R.D. 580, 598 (C.D. Cal. 2008).

"There is no single, all-purpose" test for "what kinds of California connections will suffice to trigger the relevant provisions of California law." *Ward v. United Airlines, Inc.*, 9 Cal. 5th 732, 752 (2020). Rather, "each law must be considered on its own terms." *Id.* Generally, courts apply a multi-factor test drawn, in part, from

*Sullivan I*, to determine whether California labor law applies to extraterritorial work. *Martinez v. Knight Transportation, Inc.*, No. 5:21-cv-572-JWH-SPx, 2022 WL 6632192, at *5 (C.D. Cal., Feb. 3, 2022). That test includes: (1) the provision of California law at issue (e.g., overtime, breaks, waiting time, etc.); (2) the residence of the employer and employees; (3) the employer's ties to California; (4) the "situs" of employment; (5) whether the employee receives pay in California; (6) whether his absence from California is temporary or permanent; and (7) whether the alleged wrongful conduct originated in California (e.g., where the decision to not pay overtime was made). *Id.* (citing *Martinez v. Knight Transp., Inc.*, No. 1:16-cv-01730-DAD-SKO, 2018 WL 6308110, at *5-6 (E.D. Cal. Dec. 3, 2018); *Bernstein v. Virgin Am., Inc.*, 227 F. Supp. 3d 1049, 1061-64 (N.D. Cal. 2017); *Aguilar*, 2014 WL 4245988, at *11-12).

Plaintiff's Complaint fails to allege sufficient facts to satisfy this test regarding his California Labor Code claims against Kasamba. Here, the provisions of California law at issue are California Labor Code sections 201-203, 221, 226, 1182.12, 1194, 1194.2, 1197, and 2802, [2] and California Business and Professions Code section 17200, *et seq.* As to the second and third factors, Kasamba is not a California resident—it is incorporated in Delaware with its principal place of business in New York. (Compl. ¶ 11.) Furthermore, by his own admission, Plaintiff is not a California resident. (RJN, Exs. A-B.) Rather, in both 2012 and 2021, Plaintiff declared "under penalty of perjury" that he was a permanent resident of Toronto, Ontario, Canada and that he was "not a U.S. person."[3] (*Id.*) Nor can Plaintiff satisfy the fourth and fifth

---

[2] These sections pertain to Plaintiff's claims for (1) Failure to Pay Minimum Wages for All Hours Worked; (2) Unlawful Withholding and Receipt of Earned Wages; (3) Failure to Furnish Accurate Wage Statements; (4) Failure to Pay Earned Wages Upon Discharge – Waiting Time Penalties.

[3] This also speaks to Plaintiff's inability to satisfy the sixth factor, whether his absence from California is temporary or permanent.

factors concerning the "situs" of employment[4] and whether the employee receives pay in California. Although Plaintiff asserts that he worked in California throughout his employment (Compl. ¶ 10), that claim is directly contradicted by his declaration—again, under penalty of perjury— that "the income to which this form relates is not effectively connected with conduct of a trade or business in the United States." (RJN Exs. A-B.) Given these declarations, Plaintiff's conclusory assertion that he worked in California, without actual facts supporting this claim, is insufficient to plausibly allege his working location for the purposes of surviving a motion to dismiss. Finally, there are no facts alleged in the Complaint from which it could plausibly be inferred that the conduct originated in California—as Kasamba is a foreign corporation with its principal place of business in New York (Compl. ¶ 11), and Plaintiff alleges no facts showing that the company made decisions concerning its workers from any base of operations within California. Thus, Plaintiff cannot satisfy the seventh factor.

Because Plaintiff cannot satisfy any of the factors in this test, he cannot assert claims under California labor laws arising from his out-of-state work for Kasamba. *Paparella v. Plume Design, Inc.*, No. 22-CV-01295-WHO, 2022 WL 2915706, at *5–6 (N.D. Cal., July 25, 2022) (dismissing California Labor Code claims where an employee was a resident of Arizona and failed to allege sufficient facts showing that "he spent a single hour in California"); *Wright v. Adventures Rolling Cross Country, Inc.*, No. 12-cv-0982-EMC, 2012 WL 12942824, at *6 (N.D. Cal. May 3, 2012) (dismissing Labor Code claims where work was "performed principally outside of California" even when those claims were brought by California residents against a California employer).

### B. Plaintiff Should Not be Granted Leave to Amend

Dismissal without leave to amend is proper where the complaint could not be

[4] The "situs" of employment is also the key factor for claims under Labor Code sections 203 and 226. *See Bernstein v. Virgin Am., Inc.*, 227 F. Supp. 3d at 1061-64.

saved by any amendment. *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Eminence Capital LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003)). The Court should deny leave to amend where the facts are not in dispute and the sole issue is whether there is liability as a matter of substantive law, *see Albrecht v. Lund*, 845 F2d 193, 195-96 (9th Cir. 1988), and "where the amendment would be futile." *Saul v. United States,* 928 F.2d 829, 843 (9th Cir.1991).

Here, Plaintiff declared "under penalty of perjury" that he was a permanent resident of Toronto, Ontario, Canada and that he was "not a U.S. person." (RJN, Exs. A-B.) He further declared—again, under penalty of perjury—that "the income to which this form relates is not effectively connected with conduct of a trade or business in the United States." (*Id.*) These sworn declarations establish that Plaintiff was a Canadian resident at all times when using Kasamba's platform to provide reader services, and that the income he earned from his work was not connected with any conduct or business in the United States. (*Id.*) Plaintiff cannot add any allegations to contradict these prior sworn statements.[5] As such, any attempt to amend the Complaint would be futile, and the Court should deny any request for leave to amend. *See Lockman Found. v. Evangelical Alliance Mission,* 930 F.2d 764, 772 (9th Cir.1991) (noting that a "district court may decline to grant such leave ... where there is any *apparent or declared* reason for doing so, including ... the futility of the amendment." (emphasis in original).

[5] Kasamba acknowledges that while Plaintiff *could* add allegations to contradict these prior sworn statements, these allegations would be tantamount to an admission that Plaintiff perjured himself to United States tax authorities.

## V. CONCLUSION

For the reasons set forth in detail above, Kasamba respectfully requests that the Court dismiss Plaintiff's claims with prejudice and without leave to amend.

Dated: October 22, 2024

**Baker & McKenzie LLP**

By: *\/s/ Michael E. Brewer*
Michael E. Brewer
Kimberly F. Rich
Phillip R. Di Tullio
Attorneys for Defendant
KASAMBA, INC.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Kasamba, Inc., certifies that this brief contains 3,014 words, which complies with the word limit of L.R. 11-6-1.

Dated: October 22, 2024

**Baker & McKenzie LLP**

By: */s/ Michael E. Brewer*
Michael E. Brewer
Kimberly F. Rich
Phillip R. Di Tullio
Attorneys for Defendant
KASAMBA, INC.