Since submitting my initial objection letter, I was informed by class counsel that a level of compensation has now been included in the payout for all dates referenced in the claim. I was told that my individual allocation was recalculated to include my busiest months, resulting in an increase of approximately $2,000. In light of this information, I have updated my objection letter accordingly.

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE FOLLOWING IS JESSICA PERRY'S OBJECTION LETTER:

FILED
CLERK, U.S. DISTRICT COURT
12/29/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: clee DEPUTY

Simic v. Kasamba, Inc.
Case No. 2:24-cv-08887-SK
-

Name: Jessica Perry
Address On File: 859 N 16th St, San Jose, CA 95112
Email: Jevixdluv@gmail.com
Phone: 716-242-9746

I, Jessica Perry, respectfully object to the proposed settlement even with these revisions on the grounds that (A) the settlement amount remains undervalued due to limited discovery and a rushed resolution, (B) the distribution of funds is inequitable, and (C) the settlement offers no meaningful policy changes beyond minimal monetary compensation and allows for current workers to now be vulnerable to predetory/retalitory practices. This objection is submitted on behalf of the entire class. However, I will reference specific examples from my own experience, as I do not have access to individualized data for other class members.

(A) Undervaluation of Claims Due to Rushed Settlement

This lawsuit was filed in 2024 and settled in 2025. While a prompt resolution may appear attractive, the speed of this process failed to adequately value substantial claims, particularly the unpaid on-call or standby time associated with Kasamba's former email reading system.

Kasamba's email reading system, which I believe was discontinued around 2022 or 2023, was a critical source of stable income for many Readers, including myself. Unlike live chat or call-based work, email readings allowed Readers to earn income without remaining continuously logged into the platform. Clients submitted questions through a structured form that included subject matter, message, deadline, and suggested price. Kasamba then notified Readers, who were required to respond within a specified timeframe, typically within 48 hours under platform rules.

In practice, this required Readers to remain effectively on-call or in standby status by monitoring notifications, planning responses, and ensuring availability. Despite this ongoing obligation, no compensation was provided for the time spent waiting or preparing. This significantly restricted personal time and autonomy, yet the settlement does not meaningfully account for this labor.

Under California law, if Readers are reclassified as employees, such standby time is compensable as hours worked when the employer exercises control over the worker's ability to use that time freely. Relevant factors present here include the requirement to respond promptly, ongoing monitoring of platform notifications, penalties for perceived underperformance, such as reduced access to new clients, and the inability to disengage without financial or professional consequences.

These conditions show a level of control that warrants compensation and is not adequately reflected in the proposed settlement.

Additionally, Kasamba's current platform practices continue to impose undue restrictions. The app automatically marks me as unavailable after two hours, despite my requests for this not to occur. This forces constant interaction with the app to avoid being logged off as inactive. Given the current lack of advertising and inconsistent client traffic, this can result in entire days with no earnings while simultaneously preventing engagement in other productive activities. On other psychic platforms I've worked for, workers set their own availability durations and only log users off after missed calls or warns them they might be logged off before doing so. I've even had a forced log out happen of a voice reading right when a client was requesting a reading and it switched her to chat which is less expensive on my account and she asked me to call her which I can't do and she didn't want to give up her free 3 minutes so she stayed on chat and I lost money I would have otherwise made.

(B) Inequitable Distribution of Settlement Funds

Many class action settlements apply reasonable caps on individual recoveries to ensure compensation aligns more closely with what each class member is owed. A cap between $100,000 and $150,000 would be reasonable. However, a structure that results in some individuals receiving over $100,000 while others receive under $50,000 is inequitable and unacceptable given the nature and duration of the alleged violations.

(C) Lack of Meaningful Policy Reform and Ongoing Harm

While Kasamba's new ownership has introduced the ability to request a break while live with a customer, no other substantive policy reforms have been announced. As a result, many abusive/exploitative practices remain in place, leaving current workers vulnerable.

For example, Kasamba has also announced a new flat fee of $5.99 per reading, scheduled to take effect in April 2026. On its face, a flat rate sounds better, but it is actually more expensive unless I talk for more than 30 minutes, and for reference, most readings are no more than 5, and a good reading is typically 15 minutes. This appears to penalize Kasamba workers on the platform and may function as an attempt to offset financial losses resulting from this lawsuit. From my perspective, this change feels retaliatory.

I received an email from Kasamba today, Dec 22nd, criticizing me for changing my prices throughout the day. I HAVE to do this because of the lack of advertising and new clientele coming in. I up the prices during graveyard shift hours and lower it during regular business hours. This is what any business-savvy person does. Up prices when the demand is high and less competion. They said: "To provide the best experience for your loyal clients, we recommend setting a stable daily rate. This consistency helps you stand out as a reliable, professional guide and protects the high-quality reputation you've built." This has nothing to do with bringing in new clients and feels like they are setting me up to fail.

Opting out of the settlement to pursue separate litigation is not a viable option for me, as doing so would forfeit compensation for work performed in 2020 and 2021, claims that are now beyond the four-year limitations period. If there haven't been any other objection letters, please consider that they perhaps never got the letter or email or didn't have enough time with the holiday season to research, formulate and write a letter.

For these reasons, especially when I see it being somewhere between 250k and 450k more, I respectfully request that the Court fully consider these objections and require renegotiation of a settlement that treats workers with fairness, dignity, and respect, particularly those who continue to work for Kasamba and intend to do so in the future.

Unfortunately, I have not been able to retain an additional lawyer to represent me and I cannot attend in person in January 2026 because I have a contract to take care of pets. I have gone above and beyond to research this in the midst of a busy holiday month and so I pray that my words are thoroughly considered. Thank you.

December 22nd, 2025
Jessica Perry
Jessica Perry

**PRIORITY® MAIL**

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

APPLY PRIORITY MAIL POSTAGE HERE

DEC 29 2025

Retail

UNITED STATES POSTAL SERVICE®

90012

U.S. POSTAGE PAID
PM
WEST LEBANON, NH 03784
DEC 22, 2025

**$11.90**

RDC 03

0 Lb 0.60 Oz

S2324N504712-01

EXPECTED DELIVERY DAY: 12/27/25

USPS TRACKING® #

EP14H July 2022 Outer Dimension: 10 x 5